**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 25, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

DANIEL RAY GRAYSON,

　　　　Defendant-Appellant.

No. 09-7075

(Case No. 08-CV-00349-JHP)

(E.D. Okla.)

---

**ORDER**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

Defendant, a federal prisoner represented by appointed counsel, seeks a

certificate of appealability to appeal the district court's denial of his § 2255

habeas petition. Following a jury trial, Defendant was convicted of conspiracy to

possess narcotics with intent to distribute and was sentenced to 360 months'

imprisonment. His conviction and sentence were affirmed on direct appeal. *See*

*United States v. Grayson*, 258 F. App'x 170 (10th Cir. 2007). Defendant then

filed a § 2255 motion alleging ineffective assistance of counsel based on, inter

alia, trial counsel's alleged failure to convey a plea offer made by the

prosecution. After appointing counsel to represent Defendant in the habeas

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

proceeding, the district court held an evidentiary hearing at which trial counsel, Defendant, and the prosecuting attorney testified. Following this hearing, the court concluded that trial counsel had made no error warranting reversal, and the court therefore denied the habeas petition. Defendant now seeks a certificate of appealability regarding the alleged failure of trial counsel to convey or discuss the plea offer with him.

At the evidentiary hearing, Defendant testified that he never received any information from counsel concerning a plea offer, while trial counsel testified that he discussed the government's plea offer and the benefits of entering a plea of guilty with Defendant. The district court's decision to credit trial counsel's testimony over Defendant's is reviewable by this court only for clear error. *See United States v. Carr*, 80 F.3d 413, 417-18 (10th Cir. 1996). After thoroughly reviewing the record on appeal, we conclude that reasonable jurists would not debate the district court's resolution of this credibility question under clear error review. We further conclude that reasonable jurists would not debate the district court's ultimate determination that Defendant had not satisfied the *Strickland* standard for demonstrating that he received ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 688-89 (1984). We therefore **DENY**

Defendant's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge