FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 17, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

DANIEL RAY GRAYSON,

　　Defendant - Appellant.

No. 21-7007
(D.C. No. 6:06-CR-00015-RAW-5)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.[**]

_____

Daniel Ray Grayson appeals an order denying his motion for compassionate

release under 18 U.S.C. § 3582(c)(1)(A)(i).  The district court did not abuse its

discretion in finding that Grayson failed to show extraordinary and compelling

circumstances, or that a sentence reduction was not warranted under the sentencing

factors.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I.**

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.

In 2006, Grayson was charged in the Eastern District of Oklahoma with conspiracy to possess with intent to distribute marijuana, methamphetamine, and powder cocaine. A jury found Grayson guilty and determined that the conspiracy involved more than fifty grams of methamphetamine. Grayson's Presentence Report (PSR) calculated a total offense level of forty-one, a criminal history category of IV, and a resulting guidelines imprisonment range of 360 months to life. The district court sentenced Grayson to 360 months in prison. Grayson appealed and we affirmed, concluding that the conviction and sentence were reasonable. *See United States v. Grayson*, 258 F. App'x 170, 177 (10th Cir. 2007) (unpublished). Grayson then filed a motion pursuant to 28 U.S.C. § 2255, which the district court denied. Grayson sought a certificate of appealability, which we denied. *See United States v. Grayson*, 364 F. App'x 407, 408 (10th Cir. 2010) (unpublished).

In November 2020, while incarcerated at the U.S. Penitentiary in Leavenworth, Kansas ("USP Leavenworth"), Grayson filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[1] In the motion, Grayson argued that he had "never felt sicker in his life" than while infected with COVID-19, and he feared future reinfection. R. Vol. I at 61. He also alleged that he could require "advanced medical care" because of "heightened risks," but that USP Leavenworth could not provide that care because it was "experiencing a major COVID-19 outbreak." *Id.* at 60.

---

[1] Grayson has since been transferred to the U.S. Penitentiary in Atwater, California.

The district court denied the motion, concluding that while Grayson's obesity qualified as a "medical condition placing him at greater risk of severe illness from COVID-19," he failed to show that extraordinary and compelling reasons warranted a sentence reduction because Grayson was previously infected with COVID-19 and experienced no complications. *Id.* at 134. Moreover, the § 3553(a) factors did not support a sentence reduction because Grayson was classified at a high-risk recidivism level, committed a serious offense, and had served less than 50% of his sentence. Grayson timely appealed. Because Grayson proceeds pro se, we construe his filings liberally, but we will not act as his advocate. *See United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019).

## II.

We review for abuse of discretion when a district court denies a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *Id.* (quoting *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013)). We will affirm the district court's ruling unless the decision is arbitrary, capricious, whimsical, or manifestly unreasonable. *See United States v. Mobley*, 971 F.3d 1187, 1195 (10th Cir. 2020).

The compassionate release statute provides, as relevant here:

> (c) **Modification of an imposed term of imprisonment.**—
> The court may not modify a term of imprisonment once it
> has been imposed except that—

3

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

A district court may therefore grant a motion for compassionate release if (1) "extraordinary and compelling reasons warrant a sentence reduction"; (2) "such reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the reduction is supported by "applicable § 3553(a) factors." *United States v. McGee*, 992 F.3d 1035, 1042–43 (10th Cir. 2021). The court below denied Grayson's motion for compassionate release because of the first and third requirements. Grayson challenges both findings on appeal, arguing that he has

4

shown extraordinary and compelling reason for compassionate release and that the § 3553(a) factors warrant a sentence reduction.

**a.**

First, we consider whether the district court "overlook[ed] the seriousness of COVID-19 and the health risks that it presents" for Grayson in analyzing whether there were extraordinary and compelling reasons for compassionate release. Aplt. Br. at 6 (capitalization and spacing altered). While the district court found that Grayson's body mass index (BMI) placed him at a greater risk of illness, the district court also found that Grayson "tested positive for COVID-19 last year," "he was completely asymptomatic," "he recovered from the illness soon after being diagnosed and with no complications," and "his medical conditions [we]re effectively managed and controlled by facility physicians." R. Vol. I at 134. The district court also noted that "879 inmates and five staff members [had] recovered from [COVID-19]" at USP Leavenworth, "132 staff members and 116 inmates [had] received both doses of the vaccine," and vaccines were still being administered. *Id.* Considering these facts, the district court was not persuaded that Grayson's medical conditions and COVID-19 risk constituted extraordinary and compelling reasons for early release. That reasoned conclusion was not an abuse of discretion.

For the first time on appeal, Grayson asserts that he also has a "heart condition" and "high blood pressure." Aplt. Br. at 6. His medical records do list cardiac murmurs, but describe them as "clinically, insignificant; asymptomatic" and note that they have been "[r]esolved." R. Vol. I at 116. The medical records do not mention high blood

5

pressure.  Because we do not "address arguments presented for the first time on appeal,"

the only medical condition relevant to this appeal is Grayson's obesity.  *United States v.*

*Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002).[2]

Grayson contends that the district court's reliance on his fifteen-year-old PSR

to determine his BMI was "unreliable and unfair."  Reply Br. at 1.  The district court

and the government used the PSR to calculate Grayson's BMI because "[n]either

height nor weight is listed within the [BOP] records."  R. Vol. I at 134.  Whatever

this method's flaws, both the district court and the government agreed that Grayson's

obesity was "a medical condition placing him at greater risk of severe illness from

COVID-19."  *Id.*  What matters for our review is that the district court reasonably

found that risk offset by other circumstances.

Grayson also argues that he has received medical evaluations over the past

fifteen years and that these documents have not been produced because the district

court "only considers the claims presented by the [government]."  Reply Br. at 1.  We

are unpersuaded for two reasons.  First, the district court did not abuse its discretion

by failing to review documents that were never brought to its attention.  Second, the

district court *did* consider Grayson's recent BOP medical records.  These records

---

[2] Grayson's argument that errors in the PSR related to a leadership enhancement and drug quantity constitute extraordinary and compelling reasons for compassionate release, *see* Aplt. Br. at 14, was also not presented below.  We therefore need not consider it.  *See Mora*, 293 F.3d at 1216.  In any case, we noted in Grayson's direct appeal that he "concede[d] that the district court correctly calculated his guideline range." *Grayson*, 258 F. App'x at 175.  The district court did not abuse its discretion in declining to revisit the PSR at this stage.

showed that he tested positive for COVID-19 in September 2020, but "reveal[ed] that he was completely asymptomatic, and that he recovered from the illness soon after being diagnosed and with no complications." R. Vol. I at 134. The district court considered all the evidence to conclude that Grayson's COVID-19 risk was not an extraordinary and compelling circumstance. Again, that was not an abuse of discretion.

Next, contrary to Grayson's assertions on appeal, the district court did consider Grayson's risk of reinfection. The district court found that Grayson's medical records showed that USP Leavenworth was equipped to "provide appropriate medical treatment if he were to become sick again," and Grayson would be "more likely to contract COVID-19 if . . . released." *Id.* The district court was also "not persuaded" that USP Leavenworth could not handle a COVID-19 infection, considering "132 staff members and 116 inmates [had] received both doses of the vaccine" and "879 inmates and five staff members [had] recovered" from COVID-19, including Grayson himself. *Id.* Thus, the district court did not abuse its discretion in finding that Grayson's risk of reinfection was not an extraordinary and compelling reason for early release.

District courts "possess the authority to determine for themselves what constitutes" an extraordinary and compelling reason for compassionate release. *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021). Here, the district court relied on Grayson's infection history and USP Leavenworth's COVID-19 response to determine that Grayson's risk of reinfection and serious illness did not qualify as extraordinary and

7

compelling reasons for compassionate release.  The district court did not abuse its discretion in denying Grayson's motion.

**b.**

Second, we consider whether the district court abused its discretion in finding that a sentence reduction was not warranted under the § 3553(a) factors.  Grayson argues that the factors support compassionate release because he is a "first time non-violent drug offender" who is "halfway through [his] 360 month sentence."  Aplt. Br. at 11 (capitalization altered).  But the district court found that the factors did not warrant early release because Grayson's original sentence "reflected the serious nature of the criminal conduct charged," he "ha[d] served less than 50% of his full term," and he was "classified at a 'high risk recidivism level' by the BOP."  R. Vol. I at 135.  That reasoned conclusion was not an abuse of discretion.

When discussing recidivism risk, the district court noted that, during his incarceration, Grayson "accumulated more than two dozen disciplinary infractions—many of them involving drugs or alcohol and a few involving property damage or assault." *Id.* at 132.  On appeal, Grayson argues that the district court abused its discretion in relying on these infractions because there is a "Progress Report they could've produced in order for the court to weigh the good against the bad."  Reply Br. at 2 (parentheses removed).  But Grayson also failed to produce this document.

Grayson stresses that he has earned his GED and additional program certificates in prison while "tak[ing] the opportunity to improve who [he is] and to apply it [to] being a better person in society."  Aplt. Br. at 11.  But this progress does not render the district

8

court's finding that Grayson's sentence "reflected the serious nature of the criminal conduct" of "'distributing up to a pound or more' of methamphetamine per week" an abuse of discretion. R. Vol. I at 135. The district court noted that it has a "duty to protect the public." *Id.* It did not abuse its discretion in exercising that duty when it found that reducing Grayson's sentence was not supported by the § 3553(a) factors and denied his motion.

### c.

Grayson has also moved to proceed *in forma pauperis* on appeal. Due to demonstrable financial need, we grant Grayson's motion.

### III.

We AFFIRM the district court's denial of Grayson's motion for compassionate release.

Entered for the Court

Allison H. Eid
Circuit Judge